IN THE SUPREME COURT OF THE STATE OF DELAWARE

| STEEP HILL, INC., | § | |
|---|---|---|
| | § | No. 357, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 2022-0098 |
| JMÎCHAEĹE KELLER, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 10, 2023
Decided: October 17, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    The appellee, Jmîchaeĺe Keller, is a former director and officer of the appellant, Steep Hill, Inc.  Keller filed an action in the Court of Chancery seeking indemnification in connection with arbitration proceedings that Steep Hill initiated against him.  Steep Hill appeals from the Court of Chancery's memorandum opinion and orders granting Keller's motion for summary judgment and denying Steep Hill's cross-motion for summary judgment.  The Court of Chancery determined that Keller was entitled to most of the indemnification he sought, including an award of fees on fees, with the exception of Keller's request for fees relating to a "press release

claim." The Court of Chancery directed Keller to "submit a good faith estimate of the fees incurred in connection with the proceedings, which should not include fees relating to his defense of the press release claims" and "a good faith estimate of the fees incurred in this indemnification action in connection with the covered claims, reduced to reflect his lack of success on the press release claims."[1] Keller has not yet submitted such estimate to the Court of Chancery.[2]

(2) The Senior Court Clerk issued a notice directing Steep Hill to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order. In response to the notice to show cause, Steep Hill acknowledges that a ruling on summary judgment does not become final until the trial court rules on attorneys' fees and costs. Steep Hill states that it filed the appeal out of "an abundance of caution" and that "[t]o the extent this Court finds that the appeal was premature, Steep Hill is content to accept that finding and pursue its right to appeal when ripe."

(3) Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[3] "An order is

---

[1] *Keller v. Steep Hill, Inc.*, 2023 WL 5624215 (Del. Ch. Aug. 31, 2023).

[2] It is not clear why Keller has not done so, as the Court of Chancery entered its memorandum opinion and orders on August 31, 2023. As a general matter, it would promote judicial efficiency if parties would comply with such directions within a timeframe that would enable the trial court to enter a final judgment before the opposing party's time to appeal from the court's penultimate ruling runs.

[3] *Yost v. Weber*, 2023 WL 3883249, at *2 (Del. June 7, 2023).

2

deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction."[4] The Court of Chancery directed Keller to take further action in the case. Thus, the court "did not intend the [memorandum opinion and orders] to be its final act in the case."[5] The appeal is therefore interlocutory and must be dismissed.[6]

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] *Wollner v. PearPop, Inc.*, 2022 WL 2903103, at *1 (Del. July 21, 2022); *see also Gaffin v. Teledyne, Inc.*, 1991 WL 181488, at *1 (Del. Aug. 23, 1991) ("An order is final and ripe for appeal when the trial court has clearly declared its intention that the order be the court's final act in a case." (internal quotations omitted)).

[5] *Gaffin*, 1991 WL 181488, at *1.

[6] *See id.* (dismissing appeal as interlocutory where the Court of Chancery, in a "Final Order and Judgment," "reserved jurisdiction with respect to attorneys' fees, litigation expenses, and administration of the distribution of funds to class members"); *see also Wollner*, 2022 WL 2903103 (dismissing appeal from Court of Chancery letter decision that granted defendant's motion for default judgment and found plaintiff responsible for some of defendant's attorneys' fees because it directed defendant to prepare a final form of order and was therefore interlocutory).